UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RENE GARBUTT, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-04-2241 |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | (Judge McClure) |
| Defendant | : | |

**MEMORANDUM AND ORDER**

July 26, 2005

**Background**

Rene Garbutt ("Plaintiff"), an inmate presently confined at the Allenwood Federal Correctional Facility, White Deer, Pennsylvania, initiated this pro se action pursuant to the Federal Tort Claims Act ("FTCA"). Named as Defendant is the United States of America. Service of the complaint was previously ordered.

Plaintiff alleges that on November 25, 2001, he was assaulted from behind and knocked unconscious while in the dining hall at the McKean Federal Correctional Institution, Bradford, Pennsylvania ("FCI-McKean"). As a result of

the attack, Garbutt allegedly incurred lacerations to his chin and lips which required 12-13 stitches. Plaintiff also states that he suffered injuries to his neck and back. His complaint asserts that Correctional Officers Kolwasky and Zapparino witnessed the assault and failed to intervene. Due to their purported failure to protect his safety, Garbutt's assailant was able "to continue uninterrupted until he beat me unconscious and got tired." Record document no. 1, ¶ 9.

X-rays were ordered for Plaintiff's neck and back injuries on January 4, 2002. However, the x-rays were allegedly not taken until ten (10) months later. Garbutt claims that the failure of FCI-McKean correctional officers to intervene in the assault and the delay with respect to his resulting medical treatment constitute negligence.

Presently pending is the Defendant's motion to dismiss or in the alternative to transfer this matter to the United States District Court for the Western District of Pennsylvania. See Record document no. 13. Since Plaintiff has failed to file an opposing brief, the motion will be deemed unopposed.

**Discussion**

A court, in rendering a decision on a motion to dismiss, must accept the veracity of the plaintiff's allegations. Scheuer v. Rhodes, 416 U.S. 232, 236

(1974); White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), the Court of Appeals for the Third Circuit added that when considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

"The test in reviewing a motion to dismiss for failure to state a claim is whether, under any reasonable reading of the pleadings, plaintiff may be entitled to relief."  Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993) (citation omitted).  Additionally, a court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them." Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990); Independent Enters., Inc. v. Pittsburgh Water & Sewer Auth., 103 F.3d 1165, 1168 (3d Cir. 1997). Finally, it is additionally well-settled that pro se complaints should be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  This Court will now discuss Defendant's motion in light of the standards set forth above and Rule

12(b)(6) of the Federal Rules of Civil Procedure.

Defendant maintains that the Plaintiff's complaint is time-barred because it was not filed in this Court until more than six months after he received notice of the final denial of his administrative tort claim.

The FTCA provides a remedy in damages for the simple negligence of employees of the United States to protect federal inmates. United States v. Muniz, 374 U.S. 150, 150 (1963). In presenting an FTCA claim, a plaintiff must show: (1) that a duty was owed to him by a defendant; (2) a negligent breach of said duty; and (3) that the negligent breach was the proximate cause of the plaintiff's injury/loss. Mahler v. United States, 196 F. Supp. 362, 364 (W.D. Pa. 1961), aff'd, 306 F.2d 713 (3d Cir.), cert. denied, 371 U.S. 923 (1962).

The deadline for seeking judicial review of an FTCA claim is six (6) months after the date of mailing of notice of the agency's final denial of the administrative tort claim.[1]  28 U.S.C. § 2401(b);   see also Pascale v. United States,  998 F. 2d 186 (3d Cir. 1993). As noted above, this statute of limitations begins to run from the mailing date of the denial. Tuttle v. United States Postal Service, 585 F. Supp. 55 (M.D. Pa. 1983), aff'd, 735 F. 2d 1351 (3d Cir. 1984). A court may not extend

---

[1] The notice must be in writing and mailed by either certified or registered mail.

the six month time period.  See United States v. Kubrick, 444 U.S. 111, 117-18 (1979).  The time limitations contained in the FTCA are jurisdictional in nature. Willis v. United States, 879 F. Supp 889, 892 (C.D. Ill. 1994).  Thus, a plaintiff's failure to sue within the period of limitations recognized by § 240(b) deprives a court of subject matter jurisdiction.  Ahmed v. United States, 30 F.3d 514 (4th Cir. 1994) .

It is undisputed that Garbutt filed an administrative FTCA claim regarding his present claims.  On March 17, 2004, Northeast Regional Counsel for the Bureau of Prisons ("BOP") issued a written memorandum advising Garbutt that his administrative tort claim was denied and that he had six (6) months in which to file a civil action in the United States District Court.  See Record document no. 14, Exhibit 1, p. 39.  Plaintiff acknowledged in writing that he received the denial on March 31, 2004.  See id. at p. 40.

The present complaint was filed on October 12, 2004.  An attached combined declaration and certificate of service signed by Garbutt indicates that he mailed his complaint to this Court on October 4, 2004.  See Record document no. 1, p. 6.

In Houston v. Lack, 487 U.S. 266 (1988), the United States Supreme Court held that a prisoner's notice of appeal of a habeas corpus petition was deemed filed as of the date it was delivered to prison officials for mailing to the court.  This

"mailbox rule" resulted from the Court's concern that prisoners had no choice but to rely upon prison authorities for the filing of their legal papers.  The Court in Houston also noted that if a question regarding timeliness of a filing date arises, a prisoner would not likely be able to establish that prison staff were responsible for any delays in the filing of such papers.  See id. at 271.  More recently, in Rivers v. Horn , 2001 WL 312236  *1, n. 1 (E.D. Pa. March 29, 2001), the Eastern District of Pennsylvania, agreeing with a majority of federal courts, ruled that the Houston mailbox rule should be extended to the filing of a prisoner's civil rights complaint.[2]  See also Piacentini v. Levangie, 998 F. Supp. 86, 90 (D. Mass.  1998) ("where a pro se prisoner lacks control over the timely receipt of the complaint by the clerk of the district court, and uses the official prison mailing system to deliver section 1983 complaint to the clerk of court, the complaint is filed when it is delivered to prison authorities.")

     Pursuant to the above standards, Plaintiff's complaint will be deemed filed as of October 4, 2004.  The undisputed record establishes that the BOP's final denial of Plaintiff's administrative tort claim was mailed on March 17, 2004.  Plaintiff received the notice of final administrative denial on March 31, 2004.  Clearly, this action was not initiated within six (6) months of the mailing of the final

---

[2]  The Eastern District noted its disagreement with a prior decision of that court, Jackson v. Nicoletti, 875 F. Supp. 1107, 1111-114 (E.D. Pa. 1994), wherein it was held that the mailbox rule was inapplicable to a prisoner's civil rights complaint.

administrative denial (on or before September 17, 2004) or even the Plaintiff's receipt of the final administrative denial (on or before September 30, 2004).

In conclusion, the Court will grant Defendant's unopposed motion to dismiss. Plaintiff's FTCA complaint, which is barred by the applicable statute of limitations, will be dismissed for lack of subject matter jurisdiction pursuant to the standards announced in Ahmad. Consequently,

**IT IS HEREBY ORDERED THAT:**

1. The Defendant's unopposed motion to dismiss or to transfer (Record document no. 14) is granted.

2. Plaintiff's action is dismissed for lack of subject matter jurisdiction as being barred by the applicable statute of limitations.

3. The Clerk of Court is directed to close the case.

4. Any appeal will be deemed frivolous without probable cause and not taken in good faith.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge